

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| WILLIAM LEON BURNETT,<br>Petitioner, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 9:18-00892-MGL |
| JOHN R. PATE, *A.C.I.*,<br>Respondent. | §<br>§<br>§<br>§ | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING PETITIONER'S PETITION WITHOUT PREJUDICE

This case was filed as a petition for writ of habeas corpus (petition) under 28 U.S.C. § 2241 (section 2241). Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Petitioner's petition be summarily dismissed without prejudice and without requiring Respondent to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on August 28, 2018, ECF No. 16, and the Clerk of Court entered Petitioner's objections to the Report on September 19, 2018, ECF No. 20. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner raises three objections to his convictions and/or sentences the Court will briefly address below. First, Petitioner asserts he was improperly notified of the charge for criminal sexual conduct-first degree. Second, Petitioner challenges the conviction that requires him to register as a sex offender. Finally, Petitioner advances prosecutors improperly withheld evidence from his attorney. The Magistrate Judge suggested, to the extent Petitioner sought to challenge his convictions and/or sentences, his petition was due to be dismissed because Petitioner has failed to exhaust his State court remedies, and federal courts generally may not interfere with pending State court proceedings. The Court agrees with the Magistrate Judge.

As a preliminary matter, to the extent Petitioner challenges his convictions and/or sentences, the Court construes Petitioner's petition as a motion under 28 U.S.C. § 2254 (section 2254). *In re Wright*, 826 F.3d 774, 783 (4th Cir. 2016) (*quoting Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)) ("[W]hen a prisoner being held 'pursuant to the judgment of a State court' files a habeas petition claiming the execution of his sentence is in violation of the Constitution, laws, or treaties of the United States, the more specific §2254 'and all associated statutory

requirements' shall apply, regardless of the statutory label the prisoner chooses to give his petition."). A federal court is prohibited from granting relief under section 2254 unless: 1) petitioner has exhausted his State court remedies, 2) there is no State court process available to correct the alleged issue, or 3) the available State court process is ineffective. 28 U.S.C. § 2254(b)(1). Petitioner here has failed to exhaust his State court remedies. As noted in his petition, Petitioner has a post-conviction relief (PCR) action pending in State Court. ECF No. 1 at 9; *Burnett v. State of South Carolina*, 2018-CP-42-00846, available at: https://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42002&Casenum=2018CP4200846&CaseType=V&HKey=67741134311275111671115779515612152117531016711351120881109710284671121061167310176837066851145485538 1 (last accessed October 30, 2018). The pending State PCR action provides an effective means to correct the errors Petitioner alleges in his instant petition. For this reason, the Court may not provide section 2254 relief in this case.

Additionally, because Petitioner has a pending State court proceeding where he could raise the objections he seeks to argue here, it would be improper for the federal court to interfere by reviewing Petitioner's petition. *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52-54 (4th Cir. 1989). For the above reasons, the Court will overrule Petitioner's objections regarding improper notification and withholding of evidence.

Petitioner also raises several objections related to State court remedies. First, he argues he is unable to seek State court remedies because he has been released from custody. Petitioner further notes he "has exhausted all state remedies except for . . . state habeas corpus." ECF No. 20 at 5. As noted above, Petitioner has a pending State PCR action. He is thus able to, and has,

sought State remedies. Further, Petitioner has failed to exhaust his State court remedies as his State PCR action remains pending. For those reasons, the Court will overrule Petitioner's objections as to State court remedies.

The Court has reviewed Petitioner's remaining arguments but either (1) holds them to be so lacking in merit as not to require discussion, or (2) not properly before this Court. Therefore, the Court will overrule those objections as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Petitioner's petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.

To the extent Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 31st day of October, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.